IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-898-KWR |
| | ) | |
| **KENNETH BRANT,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER

The United States respectfully moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to enter a protective order governing certain confidential discovery produced by the United States in the above matter. In support of this motion, the United States sets forth the following:

1. The United States intends to disclose discovery in this case that will include, among other things, numerous documents, photographs, audios, videos, and digital evidence (the "Disclosed Material").

2. This Disclosed Material contains personally identifiable information as well as information pertaining to individuals other than the defendant. The Disclosed Material includes, but is not limited to, personal identifiers such as names, phone numbers, email addresses, and locations. The referenced information is included on police reports, audio, and other documents.

3. The United States is concerned that dissemination of this type of information has significant privacy implications, and potentially safety implications, for the individuals whose personal information is contained in these materials. Entering a protective order will expedite the disclosure of discovery to defendant and safeguard the confidential informant in this case.

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, titled "Protective and Modifying Orders," states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

5. Counsel for Defendant, Emily Carey, Esq., has been contacted and does not oppose this motion.

6. Accordingly, the United States submits that there is good cause for the Court to enter a protective order with the following terms:

    a. Material received by the defendant (through his attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

        i. Defendant;

        ii. Defendant's attorney of record;

        iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, trial, or appeal in this matter;

        iv. witnesses and their counsel to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, or trial (including post-conviction proceedings); and

        v. experts, investigators, or consultants who are assisting in the motions, hearings, trial, or appeal in this matter.

        vi. Defense counsel may leave materials in the possession of Defendant and third parties only if such materials do not include personally identifiable information about victims and witnesses, including but

not limited to names, birth dates, email addresses, physical addresses, photographs, and audio and video recordings.

Individuals to whom discovery material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

b. Nothing in this protective order limits a defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal. This protective order requires, however, that the party redact any personal identifying information, any financial information, and other private information in accordance with Fed. R. Crim. P. 49.1.

c. Within sixty days after the conclusion of this case, including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review, defense counsel shall return to the United States or notify the United States that it has destroyed the material that counsel received from the United States during this matter.

For the foregoing reasons, the United States respectfully requests that the Court enter a protective order as described.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically Filed March 13, 2020*

                                                      PAUL J. MYSLIWIEC
                                                     Assistant United States Attorney
                                                     201 Third St. NW, Suite 900
                                                     Albuquerque, NM 87102
                                                     (505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to opposing counsel of record.


*Filed Electronically*
PAUL J. MYSLIWIEC
Assistant United States Attorneys